**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| COMPUTER SCIENCES CORPORATION, ) | 3:15-CV-0267-HDM (VPC) |
| Plaintiff, ) | **MINUTES OF THE COURT** |
| vs. ) | October 9, 2015 |
| COGNIZANT TECHNOLOGY ) SOLUTIONS U.S. CORPORAITON, et al., ) | |
| Defendants. ) | |

PRESENT:    THE HONORABLE VALERIE P. COOKE, U.S. MAGISTRATE JUDGE

DEPUTY CLERK:         LISA MANN         REPORTER: NONE APPEARING

COUNSEL FOR PLAINTIFF(S): NONE APPEARING

COUNSEL FOR DEFENDANT(S): NONE APPEARING

**MINUTE ORDER IN CHAMBERS:**

    Before the court is defendants' motion to stay (#35).  Plaintiff filed an opposition (#38), and defendants replied (#40).

    Dispositive motions do not ordinarily warrant a stay of discovery.  *Kabo Tools Co. v. Porauto Indus. Co.,* No. 2:12-CV-01859-LDG, 2013 WL 5947138, at *1 (D. Nev. Oct. 31, 2013) ("'The Federal Rules of Civil Procedure do not provide for automatic or blanket stays of discovery when a potentially dispositive motion is pending.'"); *Tradebay, LLC v. eBay, Inc.*, 278 F.R.D. 597, 601 (D. Nev. 2011) (noting that Rule 12(b)(6) motions ordinarily do not warrant a discovery stay, and that such stays are "directly at odds with the need for expeditious resolution of litigation").  A party seeking a discovery stay carries the "heavy burden" of making a "strong showing" why discovery should be denied.  *Tradebay, LLC*, 278 F.R.D. at 601; *Blankenship v. Hearst Corp.,* 519 F.2d 418, 429 (9th Cir., 1975).  That discovery may involve some inconvenience and expense does not establish good cause for a discovery stay.  *Tradebay, LLC*, 278 F.R.D. at 601-02.

    In the context of a motion to dismiss, stays of discovery are intended to save the cost of discovery in cases in which the plaintiff has no chance of prevailing on its claims.  *Tradebay, LLC,* 278 F.R.D. at 603.  A stay of all discovery should only be ordered if the court is "convinced" that a plaintiff will be unable to state a claim for relief.  *Id.* At 601, 603 ("With Rule 1 as its prime directive, this court must decide whether it is more just to speed the parties along in discovery and other proceedings while a dispositive motion is pending, or whether it is more

just to delay or limit discovery and other proceedings to accomplish the inexpensive determination of the case.")

Defendants filed their motion to dismiss pursuant to 28 U.S.C. §1404(a), arguing that based upon a binding forum selection clause requires plaintiff to prosecute this matter in Virginia (#5). If the court ultimately grants defendants' motion, plaintiff would likely re-file its claims. Therefore, a discovery stay would serve no purpose other than to delay the ultimate resolution of plaintiff's claims. *Kor Media Grp., LLC v. Green*, 294 F.R.D. 579, 582 (D. Nev. 2013):

> The Court is not persuaded that a Section 1404(a) motion is a proper basis for a stay of discovery under *Tradebay*, through which the Court balances the expense of conducting unnecessary discovery in the event a case is eventually dismissed on the pleadings against the delay caused by staying discovery in the event the case is not dismissed. . . . The granting of a Section 1404(a) motion to transfer does not result in the dismissal of claims, but rather merely transfers a case to another court for further proceedings. Hence, the outcome of a Section 1404(a) motion does not impact the ultimate need to conduct discovery. Accordingly, the Court finds that Defendants' Section 1404(a) motion to transfer is not dispositive, and Defendants have failed to carry their heavy burden of showing that a stay is appropriate pursuant to *Tradebay* with respect to that pending motion.

*See also* Fed. R. Civ. Proc. 1 (favoring the speedy resolution of actions); *Tradebay, LLC*, 278 F.R.D. at 603 ("Prohibiting or delaying all discovery will often cause unwarranted delay…"); *Kor Media Grp., LLC*, 294 F.R.D. at 583 ("[a]n overly lenient standard for granting motions to stay all discovery is likely to result in unnecessary delay in many cases.") (internal citations omitted).

Therefore, defendants' motion to stay (#35) is **DENIED**.

**IT IS SO ORDERED.**

LANCE S. WILSON, CLERK

By: _____/s/_____
      Deputy Clerk