**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | | |
|---|---|---|
| COMPUTER SCIENCES CORPORATION, | ) | 3:15-cv-00267-HDM-VPC |
| | ) | |
| Plaintiff, | ) | |
| | ) | ORDER |
| vs. | ) | |
| | ) | |
| COGNIZANT TECHNOLOGY SOLUTIONS | ) | |
| U.S. CORPORATION, and JOHN | ) | |
| MAGUIRE, and DOES 1-10, | ) | |
| inclusive, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

Defendants John Maguire ("Maguire") and Cognizant Technology Solutions U.S. Corporation ("Cognizant") (collectively "defendants") have moved to dismiss this action on the basis of a binding forum selection clause (#5).  Plaintiff Computer Sciences Corporation ("CSC") has opposed (#9), and defendants have replied (#13).  In CSC's opposition to the defendants' motion to dismiss,

1

1   CSC has applied in the alternative to transfer this action to the

2   District of Virginia.

3        CSC brings this action against Maguire, its former employee,

4   and Cognizant, Maguire's subsequent employer, alleging breach of

5   contract, tortious interference with contract, breach of fiduciary

6   duty, aiding and abetting breach of fiduciary duty, and concert of

7   action.  CSC's claims are largely based on Maguire's alleged

8   violation of several restrictive covenants to which he was subject.

9        Maguire was employed by CSC from April 2013 to October 2014.

10  On April 19, 2013, Maguire signed a non-competition/non-

11  solicitation agreement that contained provisions preventing Maguire

12  from disclosing or misusing CSC's confidential information,

13  soliciting CSC's employees or customers for a period of time, and

14  competing against CSC for a period of time. (Compl. at 3 & Ex. 1).

15       During his employment with CSC, Maguire entered into five

16  stock option award agreements.  (Compl. at 4 & Exs. 2-6).  Each

17  agreement contained a recoupment and forfeiture provision requiring

18  Maguire to return to CSC the value of gains realized on exercised

19  options in the event he violated the restrictive covenants in the

20  agreement, including non-disclosure and non-use of confidential

21  information, non-solicitation of CSC employees, clients and

22  prospective clients for a period of time, and non-competition for a

23  period of time.  *Id.*  Each stock option agreement also contained a

24  permissive forum selection clause that read:

25       Any action, suit or proceeding to enforce the terms and
         provisions of the Agreement, or to resolve any dispute or
26       controversy arising under or in any way relating to the
         Agreement, may be brought in the state courts for the
27       County of Washoe, State of Nevada, United States of
         America, and the parties hereto consent to the
28       jurisdiction of such courts.

2

1  (*Id.* Exs. 2-6).

2      After Maguire's employment with CSC was terminated, he and CSC

3  entered into a letter agreement dated November 6, 2014.[1]  The

4  agreement modified the restrictive covenants in the original non-

5  competition/non-solicitation agreement and contained a merger and

6  integration clause that stated: "This Agreement supersedes any and

7  all prior oral and/or written agreements between the Company and

8  you, and sets forth the entire agreement between Company and you

9  regarding the subject matter described herein."  (Mot. to Dismiss

10  Ex. A).  The agreement also contained a forum selection clause,

11  which stated:

12          Any action arising out of or relating to any of the
            provisions of this Agreement may, at the election of
13          either party, be brought and prosecuted only in the
            courts of, or located in, the Commonwealth of Virginia,
14          and in the event of such election, the parties hereto
            consent to the jurisdiction and venue of said courts.
15
    *Id.*
16
        Defendants argue that the forum selection clause in the
17
    November 6, 2014, letter agreement mandates venue in the state or
18
    federal courts of Virginia and therefore this action must be
19
    dismissed pursuant to 28 U.S.C. § 1404(a).  CSC opposes the motion
20
    on several grounds, arguing that the forum selection clause of the
21
    letter agreement does not cover all of its claims and that venue is
22
    proper in Nevada under the forum selection clauses of the stock
23
    option agreements.
24
        In resolving a motion to dismiss or transfer based on a forum
25
    selection clause, the court does not accept the pleadings as true,
26

27  _____

28      [1] CSC and Maguire amended the letter agreement on January 19, 2015.
    The amendment is immaterial to this motion.

3

1  may consider facts outside the pleadings, and must construe the

2  clause if necessary.  *See Doe 1*, 552 F.3d at 1081-82; *Argueta v.*

3  *Banco Mexicano, S.A.*, 87 F.3d 320, 324 (9th Cir. 1996).

4       The forum selection clause in the November 6, 2014, letter

5  agreement is mandatory, requiring that at the election of either

6  party, an action "arising out of or relating to any of the

7  provisions" of the agreement be brought "only" in the courts "of,

8  or located in" the Commonwealth of Virginia.  It cannot be (and

9  indeed has not been) disputed that this clause is valid and

10 applies, at a minimum, to CSC's claims that arise out of the letter

11 agreement. Thus, at least some of CSC's claims in this action are

12 subject to the Virginia forum selection clause.

13      CSC argues that its other claims – particularly those arising

14 out of the stock option award agreements – are not subject to the

15 Virginia forum selection clause.  This argument is without merit.

16 The subject matter of the letter agreement was the resolution of

17 "all issues and obligations that exist or may exist between [CSC

18 and Maguire] concerning [Maguire's] employment and termination."

19 The forum selection clause applies to all claims that "aris[e] out

20 of or relat[e] to" the letter agreement.  All of CSC's claims –

21 those based on the non-solicitation/non-compete agreements, those

22 based on the stock option award agreements, and those arising

23 purely in tort – relate to Maguire's employment and termination and

24 thus arise out of or relate to the letter agreement.  Thus, all of

25 CSC's claims are covered by the forum selection clause of the

26 letter agreement.  Moreover, pursuant to the letter agreement's

27 merger and integration clause, the letter agreement "supersedes any

28 and all prior oral and/or written agreements between [CSC and

4

Maguire], and sets forth the entire agreement between [CSC and Maguire] regarding the subject matter described herein." As the stock option award agreements are prior written agreements between CSC and Maguire that concern Maguire's employment with CSC, the forum selection clause of the letter agreement supersedes and extinguishes the forum selection clauses of those agreements.[2] Accordingly, pursuant to the parties' agreed-upon forum selection clause, this action must be tried in either the state or federal courts in Virginia.[3]

Where a forum selection clause specifies another federal court, it is properly enforced pursuant to § 1404(a). *Atlantic Marine Constr. Co., Inc. v. U.S. Dist. Court for the W. Dist. of Tex.*, – U.S. –, 134 S. Ct. 568, 579 (2013). Under § 1404(a), the court "may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented" for "the convenience of parties and witnesses, in the interest of justice. . . ."

Despite the clear language of § 1404(a), defendants have filed a motion to *dismiss* pursuant to § 1404(a), arguing that while transfer is the norm under the statute, dismissal is authorized by the Supreme Court's decision in *Atlantic Marine*, 134 S. Ct. 568. Defendants' argument is without merit. In *Atlantic Marine*, the

---

[2] CSC asserts that the court cannot make this finding at this point. CSC's argument relies on an incorrect assumption that defendants' motion should have been brought under Federal Rule of Civil Procedure 12(b)(6). Defendants did not file their motion under that rule nor were they required to do so.

[3] Defendants concede this interpretation, which is proper under Ninth Circuit case law. *See Doe 1 v. AOL LLC*, 552 F.3d 1077, 1081 (9th Cir. 2009); Mot. to Dismiss at 6.

5

1  Supreme Court held that the "appropriate way to enforce a forum-

2  selection clause pointing to a state or foreign forum is through

3  the doctrine of *forum non conveniens*."  *Atlantic Marine*, 134 S. Ct.

4  at 580.  However, § 1404(a) is "a codification of the doctrine of

5  *forum non conveniens* in which the transferee forum is within the

6  federal court system; in such cases, Congress has replaced the

7  traditional remedy of outright dismissal with transfer."  *Id.* at

8  580 (emphasis added).  Dismissal is therefore not proper where the

9  alternative forum is a federal district court.  *See id.*; *Ravelo*

10  *Monegro v. Rosa*, 211 F.3d 509, 512-13 (9th Cir. 2000) ("Section

11  1404(a) thus serves as a statutory substitute for forum non

12  conveniens in federal court where the alternative forum is within

13  the territory of the United States. The doctrine of forum non

14  conveniens survives in federal court only when the alternative

15  forum is in a foreign country."); *Isdal-Giroux v. Linguisearch,*

16  *Inc.*, 2007 WL 865248, at *2 (D. Ariz. Mar. 20, 2007) (unpublished

17  disposition) ("Since the passage of 28 U.S.C. § 1404(a), a federal

18  court is without power to dismiss an action under the common law

19  doctrine of forum non conveniens where § 1404(a) is applicable,

20  since the remedy for an inconvenient forum under the statute is not

21  a dismissal but a transfer.").  Because the forum selection clause

22  in this case authorizes suit in a federal district court, and a

23  transfer is available, a dismissal would not be appropriate.[4]

24

25      [4] To the extent defendants argue that dismissal would be appropriate

26  because the provision also identifies state courts, that argument is also
    without merit.  The provision at issue in *Atlantic Marine* also identified

27  both a state and a federal court, and there the Supreme Court applied §
    1404(a).  *See Atlantic Marine*, 134 S. Ct. at 575, 581 ("[T]he Court of

28  Appeals correctly identified § 1404(a) as the appropriate provision to
    enforce the forum-selection clause in this case. . . .").

1    In deciding whether a transfer is appropriate under § 1404(a),

2 the court applies the same private and public factors as it does in

3 considering a motion to dismiss under the doctrine of *forum non*

4 *conveniens*. *Id.* However, where there is a valid forum selection

5 clause the plaintiff's choice of forum is not entitled to any

6 weight, and the private interests are deemed to "weigh entirely in

7 favor of the preselected forum." *Id.* at 581-82. The court

8 therefore considers only the public interest factors.[5] *Id.* at 582.

9 Even so, public interest factors will "rarely defeat a transfer

10 motion." *Id.* at 582. "When the parties have agreed to a valid

11 forum-selection clause, a district court should ordinarily transfer

12 the case to the forum specified in that clause. Only under

13 extraordinary circumstances unrelated to the convenience of the

14 parties should a § 1404(a) motion be denied." *Id.* at 581. The

15 plaintiff bears the burden of showing its case should not be

16 transferred to the forum to which the parties agreed. *Atlantic*

17 *Marine*, 134 S. Ct. at 582.

18    CSC has not identified any unusual or extraordinary

19 circumstances that would justify denying defendants' motion to

20 transfer and has made no compelling argument that the public

21 factors weigh heavily against transfer. Therefore, transfer of

22 this action to the parties' designated forum is appropriate.

23    Accordingly, the defendants' motion to dismiss is **DENIED**. The

24 alternative application to transfer this action to the United

25

26    [5] The public factors are: (1) the local interest of the lawsuit; (2)
27 the court's familiarity with governing law; (3) the burden on the local
courts and juries; (4) congestion in the court; and (5) the costs of
28 resolving a dispute unrelated to this forum. *Lueck v. Sundstrand Corp.*, 236
F.3d 1137, 1147 (9th Cir. 2001).

1  States District Court in the District of Virginia is **GRANTED**.

2  There are two federal district courts in the state of Virginia,

3  either of which would be a proper venue under the parties' forum

4  selection clause.  The pleadings reflect that CSC's principal place

5  of business is in Falls Church, Virginia.  Therefore, the court

6  will transfer this action to the Eastern District of Virginia,

7  where Falls Church is located.  The parties may file any objections

8  to the transfer to the Eastern District of Virginia rather than the

9  Western District of Virginia on or before November 23, 2015.

10 Transfer of this action will be stayed pending the filing of any

11 timely objections.  Should no objections be filed the action will

12 be transferred on November 25, 2015.

13      IT IS SO ORDERED.

14      DATED: This 18th day of November, 2015.

15

16      _____

        UNITED STATES DISTRICT JUDGE

17

18

19

20

21

22

23

24

25

26

27

28